**MANDELBAUM SALSBURG P.C.**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Tel. (973) 736-4600
Fax (973) 325-7467
*Attorneys for Plaintiff,*
*DESIGNS FOR HEALTH, INC.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESIGNS FOR HEALTH, INC., a Florida Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH MOOREHEAD, an individual, RALPH MOOREHEAD D/B/A DKVITAMINS.COM and DEVITAMINS.COM, JOHN DOE 1-7, individuals; and XYZ COMPANIES 1-7,<br><br>    Defendants. | CASE NO. _____<br><br>**VERIFIED COMPLAINT &<br>JURY DEMAND** |

Plaintiff Designs For Health, Inc. ("Plaintiff" or "DFH"), by its attorneys Mandelbaum Salsburg, P.C., for its verified complaint against Defendants Ralph Moorehead, an individual, Ralph Moorehead d/b/a DKVitamins.com and DEVitamins.com, John Doe 1-7 and XYZ Companies 1-7 (collectively, "Defendants"), states as follows:

**NATURE OF ACTION**

1.       Plaintiff Designs for Health, Inc. is a Florida corporation and has a principal place of business at 980 South Street in Suffield, Connecticut. Plaintiff is in the business of producing and selling a professional line of nutraceutical, nutritional and dietary supplements and natural health products marketed under the DESIGNS FOR HEALTH® brand name to consumers for

1

sale through a limited network of registered health care providers (the "DFH Products").  Since 1989, DFH has been offering such Products and promoted its products under the DESIGNS FOR HEALTH trademark (the "DFH Mark") throughout the United States.

2. Defendant Ralph Moorehead ("Moorehead") has been selling vitamins and nutritional supplements through several websites, including DietaryHerb.com, ADVitamins.com and VitaminRite.com. Upon DFH's investigation in July 2016, over 200 nutritional and dietary supplement products bearing the DFH Mark were promoted, offered for sale and sold at Dietaryherb.com, ADVitamins.com and VitaminRite.com. Moorehead is not an authorized reseller or a registered health care provider authorized to sell DFH Products. Plaintiff sent a demand letter to Moorehead advising Moorehead of DFH's federally registered trademark rights and demanding that Moorehead, *inter alia*, discontinue all sales and promotion of products bearing the DFH Mark and disclose the identities of his suppliers. Moorehead failed to comply with DFH's demands, but removed the DFH Products from the above-referenced websites.

3. Over the past few weeks, Plaintiff has become aware of Moorehead's further willful and intentional acts in violation of Plaintiff's rights under federal and state law. Specifically, Moorehead operates other websites, including but not limited to DKVitamins.com and DEVitamins.com, which sell dietary and nutritional supplement products bearing the DFH Mark.  Moorhead's actions are likely to cause consumer confusion.  Such acts are causing substantial injury and reputational harm to Plaintiff.

4. Accordingly, Plaintiff seeks here to stop Moorehead's use of the DKVitamins.com and DEVitamins.com websites and any other domain names and websites under his control, participation and/or operation to sell and promote nutritional supplement products bearing Plaintiff's DFH Mark that are sold outside of Plaintiff's distribution chain and

outside Plaintiff's quality control, as well as the other acts described herein, to protect the goodwill Plaintiff has built up in the DESIGNS FOR HEALTH brand and trademark.  Plaintiff therefore brings this action for trademark infringement, unfair competition and false designation of origin under §§32, 34(d) and 43(a) and (c) of the Trademark Act of 1946 as amended (15 U.S.C. §§ 1114, 1116(d) and 1125 (a) and (c)), and under the common law of the State of New Jersey.  Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. §1121, and Sections 1331, 1338(a), 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) and (b), and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).

6. Venue is proper under 28 U.S.C. §1391(b)(1)-(2), (c) and (d) of the United States Code because Defendant Moorehead resides in this District and all or a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## PARTIES

7. Plaintiff Designs For Health, Inc. is a Florida corporation and has a principal place of business at 980 South Street in Suffield, Connecticut.

8. Defendant Ralph Moorehead is a resident of New Jersey having an address at 18 Washington Street #2, S. Bound Brook, New Jersey 08880.

9. Defendant Ralph Moorehead d/b/a DKVitamins.com and DEVitamins.com has a business address that is the same as Defendant Ralph Moorehead.  Defendant Moorehead owns and operates the websites located at DKVitamins.com and DEVitamins.com, in addition to other websites including but not limited to DietaryHerb.com, ADVitamins.com and VitaminRite.com.

10. Defendants John Doe 1-7 are fictitious persons whose present identity and address are unknown, who have also violated Plaintiff's rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other defendants in the acts complained of herein.

11. Defendants XYZ Companies 1-7 are fictitious entities whose present identity and address is unknown, who have also violated Plaintiff's rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other defendants in the acts complained of herein.

## BACKGROUND FACTS

12. Plaintiff DFH is in the business of producing and selling a professional line of nutraceutical, dietary and nutritional supplements and natural health products marketed under the DESIGNS FOR HEALTH® brand name, and owns several trademarks in connection with its business.

13. Since at least as early as 1989, DFH began offering nutrition counseling and education services. Building on the company's immediate success in nutritional counseling, DFH developed a professionals-only line of nutritional and dietary supplements. Since at least as early as December 1997, DFH began using the DFH Mark to market its nutritional and dietary supplement products and has continuously used the highly distinctive trademark on product labels and marketing materials in connection with its line of products. DFH has been the health care professionals' trusted source for research-backed nutritional products of superior quality.

14. DFH Products are formulated to be administered by recommendation and under the supervision of Qualified Healthcare Practitioners ("QHPs"), and are sold to consumers through a restricted network of registered QHPs in the United States. QHPs are health practitioners who directly provide health counseling services to individuals. To meet the qualification to become a QHP, DFH requires applicants to enter into a RxDFHend Agreement

and submit a copy of their practitioner's state license, professional degree certificate or diploma for qualification.

15.     DFH provides educational training and promotional materials to QHPs to promote and sell DFH Products.

16.     DFH has devoted substantial time, effort and resources to the development and extensive promotion of the DFH Mark and the associated DFH Products offered thereunder. As a result of DFH's efforts, the public has come to recognize and rely upon the DFH Mark as an indication of the high quality associated with DFH Products.

## PLAINTIFF'S TRADEMARK

17.     DFH sought to name, design, label and package its DFH Products using the DFH Mark that would readily identify and cause its products stand out and apart from other dietary and nutritional supplements in the marketplace.

18.     At least as early as December 1997, DFH adopted and began using the DFH Mark in interstate commerce in connection with its dietary supplements.

19.     Since at least as early as December 1997, DFH has continuously and substantially exclusively used the DFH Mark in the United States as a symbol of itself as the source of origin for its line of DESIGNS FOR HEALTH dietary supplements.

20.     The United States Patent and Trademark Office has registered the trademark DESIGNS FOR HEALTH for "dietary supplements for human consumption" to Plaintiff under U.S. Registration No. 3,666,757 on August 11, 2009.  A true and correct copy of the Certificate of Registration issued by the United States Patent and Trademark Office is attached hereto as **Exhibit A**. DFH has used the DFH Mark in commerce since at least as early as December 30, 1997.

21. The registration for Plaintiff's DFH Mark is valid, subsisting and in full effect and serve as *prima facie* evidence of the validity of the trademark and of Plaintiff's exclusive right to use the marks in connection with the goods identified therein, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §1115(a).

22. On November 6, 2014, DFH filed a Combined Sections 8 and 15 Declaration with the U.S. Patent and Trademark Office for the '757 Registration. The '757 Registration is in good standing and is incontestable.

23. Plaintiff's DFH Mark is inherently distinctive and, in light of the widespread positive publicity associated with its use by DFH, has come to symbolize that the goods offered thereunder represent and are sponsored by DFH. Consumers seek out DFH's dietary supplements due to DFH's use of the DFH Mark and the excellence and goodwill symbolized thereby.

24. Plaintiff's trademark is used both on the product packaging and online at its website located at www.DesignsForHealth.com. As DFH's website indicates, it is a professional brand of dietary supplements and nutritional products, offered exclusively to healthcare professionals and their patients through referral. *See* screenshots of the product packaging and the homepage of the DFH website, attached as **Exhibit B**.

### PLAINTIFF'S MARKET DEVELOPMENT AND ADVERTISING

25. As stated above, DFH primarily sells its DFH Products to consumers through resellers who are QHPs. QHPs enter into a RxDFHend Agreement with DFH in order to obtain wholesale pricing for distribution to their patients. A copy of the RxDFHend Agreement is attached as **Exhibit C**.

26. Section 4 of the RxDFHend Agreement explicitly prohibits QHPs from offering for sale or selling DFH Products on the Internet except through websites that are password-

protected to limit access to QHPs' patients.

27. DFH has advertised and promoted its DFH Products using its DFH Mark through many types of advertising media including printed brochures and flyers, magazine advertisements, and distributors' catalogs. Attached as **Exhibit D** is a copy of a printed brochure used in connection with the promotion and distribution of DFH's Arthroben® medical food product.

28. In addition, DFH has promoted its DFH Products using its DFH Mark at trade shows, seminars, events and interactive teleconferences that focused on a host of clinically relevant topics to educate QHPs and promotes DFH Products.  Attached as **Exhibit E** is a copy of a printed brochure for a program titled "Core Concepts for Nutritional Medicine" organized by DFH in San Diego, California on October 5, 2013.

29. DFH has invested a substantial amount of time, effort and money in advertising and promoting the DFH Mark and DFH Products.

30. DFH has achieved great commercial success and sales of its DFH Products bearing its DFH Mark.  Since December 1, 1999, DFH has had grossed revenues from sales of its DFH Products totaling in excess of four hundred million dollars ($400,000,000).  DFH's sales have been substantial and continue to rise.

31. DFH also invested a substantial amount of time, effort and money in advertising and promoting its DFH Mark on the Internet. In addition, DFH maintains an online library containing a full suite of nutritional information resources to promote its DFH Products. It further promotes its brand and DFH Products on social media and networking websites.  Plaintiff operates pages on social media including but not limited to Facebook.

32. As a result of the unique and distinctive nature of the DFH Mark, and the

extensive display, sales, promotion and use by DFH, the DFH Mark has become associated with DFH in the minds of the general public and carries enormous goodwill for DFH. DFH's trademark and company name distinguishes DFH's dietary supplement products from the same or similar goods of others, and is indicative to the trade and to consumers that dietary and nutritional supplement goods bearing Plaintiff's DFH Mark originate from, or are sponsored or approved by, DFH.

33. DFH is the exclusive owner of the DFH Mark used in connection with the DFH Products and of the goodwill and reputation of the business associated with the use of and symbolized by the same.

34. DFH has not licensed or granted to the Defendants any authority, permission, or other rights to use, offer to sell, or sell a dietary supplement product using the DFH Mark.

### DEFENDANTS' WRONGFUL CONDUCT

35. Beginning in 2013, unbeknownst to DFH, Defendant Ralph Moorehead was selling vitamins and nutritional supplements through the DietaryHerb.com, ADVitamins.com and VitaminRite.com websites.

36. Upon DFH's investigation in July 2016, over 200 nutritional and dietary supplement products bearing the DFH Mark were promoted, offered for sale and sold at the Dietaryherb.com, ADVitamins.com and VitaminRite.com websites owned and operated by Moorehead.

37. Moorehead is not a registered QHP with DFH, and is not authorized by DFH to sell DFH Products.

38. The Dietaryherb.com, ADVitamins.com and VitaminRite.com websites are open websites that do not restrict consumers' access to the websites to purchase products, including

products bearing the DFH Mark.

39.     In a test buy, DFH bought several nutritional and dietary supplement products bearing the DFH Mark from one of Defendant's website at ADVitamins.com, including a bottle of Arthroben® medical food. Upon receipt of the products from the test buy, DFH noticed that the 2-D bar code on the DFH Products purchased from ADVitamins.com was defaced. The 2-D bar code contains product sourcing information such as lot number, sku number, manufacturing or expiration date and a serial number by which DFH is able to identify the person or entity who purchased the DFH Product from DFH.  Obliterating the 2-D bar code prevents DFH from identifying and tracking the source of the product. Images of the Arthroben® medical food product bottle in the front view and back view, bearing the obliterated 2-D bar code are shown below:




40.     On July 20, 2016, DFH, through its counsel, sent Defendant Moorehead a cease and desist letter demanding, *inter alia*, that Moorehead remove all listing of all DFH Products from all websites under his control, ownership and/or participation; refrain from any further sale,

9

promotion, distribution and advertising of DFH Products; and disclose all sources of the DFH Products he sold. Attached as **Exhibit F** is a copy of the demand dated July 20, 2016.

41. On July 21, 2016, Moorehead telephoned DFH's counsel refusing to remove all DFH Products from the Dietaryherb.com, ADVitamins.com and VitaminRite.com websites. But he disclosed that he obtained his DFH Products from Harris Moore[1], a chiropractor who maintains a primary place of business at 427 East Main Street in Bound Brook, New Jersey 08805. Harris Moore is a registered QHP with DFH.

42. However, despite of Moorehead's disclosure above, Moorehead was not forthcoming about revealing all his sources of DFH Product. Since the 2D bar codes of the products purchased from the test buy were defaced, DFH could not scan the 2D bar code to ascertain the product source. Instead, DFH reviewed its ordering record to determine who supplied the products. Contrary to Moorehead's attribution to Harris Moore as his sole supplier, DFH discovered that some of those products from the test buy were not ordered from Moore's QHP account.

43. On July 28, 2016, DFH sent a follow-up letter to Moorehead reiterating its demands as stated in the cease and desist letter. Attached as **Exhibit G** is a copy of the correspondence dated July 28, 2016.

44. On August 1, 2016, Moorehead removed the listing of all DFH Products from his Dietaryherb.com, ADVitamins.com and VitaminRite.com websites, but did not provide further information about his suppliers. Moorehead also failed to confirm that he would discontinue all promotion and offer to sell DFH Products from **all** his websites as DFH had requested.

45. On August 2, 2016, after Moorehead failed to provide a written response, DFH,

---

[1] DFH has instituted a lawsuit against Harris Moore separately at the Superior Court at the Judicial District of Hartford, Connecticut on July 13, 2016 (Case No. HHD-CV-16-6070003).

through its attorney, wrote to Moorehead again, but no response was provided and no resolution was reached.  Attached as **Exhibit H** is a copy of the correspondence dated August 2, 2016.

46. In the past few weeks, upon further investigation by DFH, DFH discovered an additional website that sells dietary and nutritional supplement products bearing the DFH Mark, namely, DEVitamins.com. Attached as **Exhibit I** is a copy of the screen shot of the DEVitamins.com website showing sale of DFH Products on the website and the "Contact Us" page of the website.

47. DFH conducted a test buy at DEVitmains.com and discovered that the 2D bar codes on the products ordered from the test buy were also defaced to prevent access to the embedded information as with the products purchased from ADVitamins.com. The obliteration of the bar code prevented DFH from, among other things, identifying who was the supplying DFH Products to this website.

48. The DEVitamins.com website provides a customer service number as contact information at (609) 848-2646.  The telephone number forwards to a recorded greeting requesting the caller to leave messages for both DEVitamins.com and DKVitamins.com.

49. Upon further investigation by DFH, the domain registration records for DEVitamins.com and DKVitamins.com are protected by proxy.  However, archived version of the domain registration record updated September 21, 2014 lists Ralph Moorehead of 18 Washington St. #2 in So Bound Brook, New Jersey as the registrant and administrative and technical contact of DEVitamins.com.  Attached as **Exhibit J** is a copy of the archived domain registration records obtained from DomainTools.com.

50. Similar to DEVitamins.com, the DKVitamins.com website sells dietary and nutritional supplement products bearing the DFH Mark and includes the same (609) area code

telephone number based in New Jersey as the customer service number. Attached as **Exhibit K** is a copy of the screen shot of the DKVitamins.com website showing sale of DFH Products on the website and the "Contact Us" page of the website.

51.   DEVitamins.com and DKVitamins.com are selling and distributing dietary and nutritional supplement products bearing the DFH Mark to end users unaffiliated with DFH without authorization.

52.   The dietary and nutritional supplement products bearing the DFH Mark sold by Defendants are not inspected by DFH or DFH's authorized distributor and dealers prior to sale. Additionally, such products being sold by Defendants are not distributed in accordance with the quality control measures DFH has in place for sale of its goods.  Further, the 2D bar codes on the product packaging are defaced, which constitutes a material difference in the product.  As such, Defendants are not selling genuine DFH Products.

53.   Despite the inferior nature of the products bearing the DFH Mark sold by Moorehead at DKVitamins.com and DEVitamins.com, and Moorehead's knowledge that DFH had advised him of DFH's rights in the DFH Mark through the demand letters, Moorehead continues to promote, advertise and sold DFH Products with the knowledge that such products will be mistaken for the genuine products offered for sale by DFH and its authorized sellers.

54.   Defendants' actions have resulted in Defendants' use of the DFH Mark to sell DFH products in direct competition with DFH, and created a likelihood of confusion in consumers who believe the DFH products sold by Defendants are genuine, originated and were approved by DFH.

55.   Defendants' advertisement and sale of DFH products without DFH's consent or authorization has infringed upon DFH's exclusive ownership of the DFH Mark. Defendants'

infringing actions are likely to cause confusion, mistake and deception in the mind of the consuming public.  Further, Defendants' actions are likely to create a false impression and deceive consumers into believing that there is an affiliation between DFH and the DFH products sold by Defendants.

56. Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with the DFH Mark.

57. Defendants' products bearing the DFH Mark are obtained from unknown sources, have been tampered with and have the 2D bar code defaced.  DFH believes that Defendants are continuing to sell the products referenced herein without DFH's authorization and to the detriment of DFH.

58. In addition, DFH believes that such products sold by Defendants could be hazardous to consumer's health due to improper handling and storage outside of DFH's quality control.

### COUNT 1: INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

59. This cause of action arises under §32 of the Trademark Act of 1946 as amended (15 U.S.C. §1114) for infringement of federally registered trademark.

60. DFH repeats and realleges each and every allegation contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. By reason of the foregoing acts, Defendants have intentionally infringed, and shall continue to intentionally infringe, DFH's federally registered trademark, causing irreparable injury, harm and damages, the full extent of which cannot presently be determined. Unless Defendants are enjoined by the Court, the irreparable injury, harm and damages to DFH shall continue.

## COUNT II: FALSE DESIGNATION OF ORIGIN OF GOODS AND FALSE REPRESENTATION

62. This cause of action arises under §43(a) of the Trademark Act of 1946 as amended (15 U.S.C. §1125(a)) for false designation of the origin of goods and false description and representation.

63. DFH repeats and realleges each and every allegation contained in Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. By reason of the foregoing acts, Defendants have falsely and intentionally designated the origin of goods they are marketing and have otherwise made intentionally false descriptions and representations about such goods. Defendants' activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such goods, and will otherwise mislead purchasers as to the origin of the goods offered and sold by the Defendants, and cause purchasers and others to believe that Defendants' goods come from, or are sponsored or approved by, or affiliated with, DFH, thereby causing irreparable harm, injury and damages to DFH.

## COUNT III: UNFAIR COMPETITION (COMMON LAW)

65. This cause of action arises under the common law of unfair competition of the State of New Jersey.

66. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Defendants, by reason of the foregoing acts, have intentionally traded upon and appropriated the reputation and valuable goodwill of DFH the DFH Mark, and have acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of Defendants' goods. In general, Defendants' acts are likely to lead the public mistakenly

to the belief that Defendants' goods bearing the DFH Mark, despite having the 2D bar code defaced on the product packaging, are in some way sponsored by, associated with, or affiliated with Plaintiff. Defendants' activities constitute unfair competition and a misappropriation and infringement of Plaintiff's common law trademark rights, and have caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

a. A judgment in favor of Plaintiff and against Defendants on all counts;

b. An injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §1116, 17 U.S.C. §502, N.J.S.A. §56:3-13.16(d) and N.J.S.A. §56:4-2, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, from using the DFH Mark, or engaging in any other activity constituting unfair competition with DFH, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with DFH or the DFH Mark;

c. Damages in an amount to be determined at trial;

d. Defendants' unjust enrichment and/or disgorgement of Defendants' profits;

e. Trebling of damages for willful infringement and unfair competition;

f. Exemplary and punitive damages;

g. Pre-judgment interest at the legally allowable rate on all amounts owed;

h. Maximum statutory damages under 15 U.S.C. §1117(c) for infringement of a registered mark;


    i.   Costs and expenses;

    j.   Attorney's fees and other fees under, among others, 15 U.S.C. §1117(a) et. seq., as an exceptional case;

    k.   Restitution; and

    l.   Such other and further relief as this Court may deem just and proper.

Dated: September 28, 2016

                                  **MANDELBAUM SALSBURG P.C.**
                                  *Attorneys for Plaintiff Designs For Health, Inc.*

                                  By:   /s/ Cheryl H. Burstein
                                            Cheryl H. Burstein

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated: September 28, 2016

                                  **MANDELBAUM SALSBURG P.C.**
                                  *Attorneys for Plaintiff Designs For Health, Inc.*

                                  By:   /s/ Cheryl H. Burstein
                                            Cheryl H. Burstein

## VERIFICATION

Under penalty of perjury under the laws of the United States of America, I declare that I have read the foregoing Verified Complaint, and that the factual statements alleged therein are true and correct to the best of my knowledge and belief. I understand that a knowingly false statement in this Verification will subject me to penalties of perjury.

Executed on: September 28, 2016

By: _____
Stephen Carruthers
General Counsel
Designs For Health, Inc.
980 South St.
Suffield, CT 06078

Doc # 841145