# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESIGNS FOR HEALTH, INC., a Florida Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH MOOREHEAD, an individual, RALPH MOOREHEAD D/B/A DKVITAMINS.COM and DEVITAMINS.COM, JOHN DOE 1-7, individuals; and XYZ COMPANIES 1-7,<br><br>    Defendants. | Civil Action No.:  3:16-cv-06040-BRM-DEA<br><br><br>**MOTION RETURN DATE:**<br>**OCTOBER 16, 2017** |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

On the Brief:
    Cheryl H. Burstein
    Elizabeth Featherman

## TABLE OF CONTENTS

                                                                                                    **Page**

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 3

LEGAL ARGUMENT ....................................................................................................... 5

      I.      MOOREHEAD HAS NOT MET THE STRINGENT LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS AND, ACCORDINGLY, DEFENDANTS' MOTION MUST BE DENIED ................... 5

      II.     THE AMENDED COMPLAINT PROPERLY STATES A CLAIM FOR TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT ................................................................................................ 7

      III.    THE COMPLAINT PLEADS MORE THAN SUFFICIENT FACTS SUPPORTING DFH'S FALSE DESIGNATION OF ORIGIN OF GOODS AND FALSE REPRESENTATION UNDER SECTION 15 U.S.C. §1125(A) CLAIM AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW ................................................................................... 9

      IV.    DFH'S LAWSUIT AGAINST MOOREHEAD IS NOT A FRIVOLOUS LITIGATION AS CONTEMPLATED BY R. 1:4-8 OR N.J.S.A. 2A:59-1.1 ................................................................................................................. 10

      V.     IT IS PREMATURE TO DISMISS DFH'S CLAIMS AGAINST MOOREHEAD ........................................................................................... 12

CONCLUSION ............................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

800-JR Cigar, Inc. v. GoTo.com, Inc., 437 F. Supp. 2d 273, 281-82 (D.N.J. 2006) ...................... 10

A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210-211 (3d Cir. 2000) ............................................................................................................................................ 7

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) ................................................................................. 6, 10

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................................ 5, 6, 9

Caldwell Trucking PRP Group v. Spaulding Composites Co., 890 F. Supp. 1247 (D.N.J.1995) ............................................................................................................................. 5, 6

Checkpoint Systems, Inc. v. check Point Software Technologies, Inc., 269 F.3d 270, 279 (3d Cir. 2000) ............................................................................................................................... 7

Dist. Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir. 1986) .................................. 12

Erickson v. Pardus, 127 S.Ct. 2197 (2007) ................................................................................... 6

Fisons Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 (3d Cir. 1994) ................ 10

Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) .................................................... 6

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ................................................................................... 5

Hedges v. U.S., 404 F.3d 744 (3d Cir. 2005) ............................................................................... 12

Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) .................................................. 12

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997) ..................... 8

J & J Snack Foods, Corp. v. Earthgrains Co., 220 F. Supp. 2d 358, 374 (D.N.J. 2002) .............. 9

Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells, 876 F.Supp. 641 (D.N.J. 1995) ......................................................................................................................... 5

Markowitz v. Northeast Land Co., 906 F.2d 100 (3d Cir. 1990) ................................................. 12

Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3d Cir. 1965) ........................................................... 5

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) ...................................................... 6

Scheuer v. Rhodes, 416 U.S. 232 (1974) ....................................................................................... 5

**STATUTES**

15 U.S.C. § 1125(a) ...........................................................................................................9, 10

15 U.S.C. §1114..........................................................................................................................7

N.J.S.A. 2A:59-1.1................................................................................................................16, 23

**RULES**

Fed. R. Civil P. 8(a)(2)..................................................................................................................6

Fed. R. Civ. P. 12(b)(6).......................................................................................................*Passim*

NJ Court Rule 1:4-8 .............................................................................................................10, 11

## **PRELIMINARY STATEMENT**

On September 13, 2017, Defendant Ralph Moorehead ("Moorehead") filed a Motion to Dismiss (ECF 19) ("MTD") alleging that Plaintiff's complaint (ECF 1) ("Complaint") should be dismissed because he is an "improperly named Defendant," Moorehead asserts that "has never been and/or [is] the current owner, principal or record title registered in the Defendants DKvitamins.com, DEvitamins.com," and that "the pleadings do not provide a single element of proof of ownership." See MTD ¶¶ 3, 9d and p. 10. He further claims that he "is not the record or title owner of the Defendant firms[1]" See MTD ¶ 9a. Moorehead's contentions, however, fly in the face of the facts as provided in Plaintiff Designs For Health's Complaint. Specifically, Exhibit J of the Complaint clearly shows that Moorehead is the domain name owner and registrant of the DEVitamins.com domain name, which is associated with the e-commerce website where the infringing products are sold.

Designs For Health, Inc. ("Plaintiff" or "DFH") brought this infringement action to stop the unauthorized sale of physically altered packaging of dietary and nutritional supplements bearing the DESIGNS FOR HEALTH trademark ("DFH Mark") at the DKVitamins.com and DEVitamins.com websites. The DEVitamins.com domain name associated with the DEVitamins.com website is owned and registered by Moorehead. DEVitamins.com and DKVitamins.com are related based on the fact that the DEVitamins.com and DKVitamins.com websites share the same customer service number and recorded greeting. Moorehead's denial in

---

[1] Plaintiff is puzzled by Moorehead's use of "Defendant firms" since the Complaint nor any of the three causes of actions alleged in the Complaint references any "firms" and that the defendants named in the Complaint are Moorehead, Moorehead d/b/a DEVitamins.com, Moorehead d/b/a DKVitamins.com, John Does 1-7 and XYZ Companies 1-7 (collectively, the "Defendants"). DFH assumes the "firms" Moorehead is referring to are the DEVitamins.com website and DKVitamins.com website.

the motion papers alleging that he "is not the record or title owner" and that "the pleadings do not provide a single element of proof of ownership" is contradicted by the allegations of the Complaint (the test on this motion) and the facts in question (the test at trial). In fact, DFH submitted a domain registration record as shown in Exhibit J of the Complaint confirming that Moorehead is the registrant of the DEVitamins.com domain name associated with the e-commerce website that sells unauthorized nutritional and dietary supplement products bearing the DFH Mark. At best for Moorehead, the domain name and website ownership issue presents a question of fact for the jury, which warrants that Moorehead's Motion to Dismiss be denied.

If Moorehead did not intend for the DEVitamins.com domain name owned and registered by him to be used for the operation of a website[2] that promotes and sells unauthorized nutritional and dietary supplement products bearing the DFH Mark, Moorehead simply failed to comprehend the natural consequences of his actions.

---

[2] Moorehead alleged that he "leased" the DEVitamins.com domain name to a third party to operate the DEVitamins.com website but has refused to provide DFH any documentation showing same. However, this is a question of fact for the jury and should not be decided herein.

## STATEMENT OF RELEVANT FACTS

DFH is in the business of producing and selling a professional line of nutraceutical, nutritional and dietary supplements and natural health products marketed under the DESIGNS FOR HEALTH® brand name to consumers for sale primarily through a limited network of registered health care providers (the "DFH Products"). See Complaint ¶ 12. Since 1989, DFH has been offering such DFH Products and promoted its products under the DFH Mark throughout the United States. Id. ¶ 13.

Through a separate enforcement action against Moorehead's sale of unauthorized DFH Products at DietaryHerb.com, ADVitamins.com and VitaminRite.com, DFH became aware of Moorehead's further willful and intentional acts in violation of DFH's trademark rights. Id. ¶¶ 35-46. Specifically, Moorehead is the owner and registrant of the DEVitamins.com domain name, and that the DEVitamins.com domain name has a website for selling dietary and nutritional supplement products bearing the DFH Mark. Id. ¶¶ 46, 49-51. DEVitamins.com and DKVitamins.com websites share the same customer service number. Id. ¶¶ 48. In a test buy, DFH bought several nutritional and dietary supplement products bearing the DFH Mark from DEVitmains.com. Id. ¶ 47. DFH noticed that the 2-D bar code on the DFH Products purchased from DEVitamins.com was defaced. Id. The 2-D bar code contains product sourcing information such as lot number, sku number, manufacturing or expiration date and a serial number by which DFH is able to identify the person or entity who purchased the DFH Product from DFH. Id. ¶ 39. Obliterating the 2-D bar code prevents DFH from identifying and tracking the source of the product. Id. Such products being sold by Defendants are not distributed in accordance with the quality control measures DFH has in place for sale of its goods. Id. ¶ 52. Further, the 2D bar codes on the product packaging are defaced, which constitutes a material difference in the product. Id. As such, Defendants are not selling genuine DFH Products. Id. Defendants' actions

3

are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with the DFH Mark. Id. ¶ 56. In addition, Defendants' actions are likely to cause consumer confusion. Id. ¶ 55.

Accordingly, DFH seeks in this action to stop Defendants' use of the DKVitamins.com and DEVitamins.com websites and any other domain names and websites under his control, participation and/or operation to sell and promote nutritional supplement products bearing the DFH Mark that are sold outside of DFH's distribution chain and outside DFH's quality control, as well as the other acts described herein, to protect the goodwill DFH has built up in the DESIGNS FOR HEALTH brand and trademark.

## LEGAL ARGUMENT

### I. MOOREHEAD HAS NOT MET THE STRINGENT LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS AND, ACCORDINGLY, DEFENDANTS' MOTION MUST BE DENIED

Moorehead has failed to establish a legitimate basis warranting dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Moorehead seemingly ignores the well-settled pleading standard applicable to a Rule 12(b)(6) motion to dismiss, and instead seeks this Court's countenance in determining complex factual issues without the benefit of discovery or evidence – essentially requiring DFH to prove its claims, not just plead them. As addressed in detail below, DFH has pled viable causes of action which should not be prematurely dismissed at this early state of litigation.

Courts universally hold that motions filed pursuant to Rule 12(b)(6) are viewed with disfavor and should rarely be granted. Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells, 876 F.Supp. 641, 662 (D.N.J. 1995). Motions to dismiss pursuant to Rule 12(b)(6) are generally disfavored because of the "long-established federal policy of civil litigation to decide cases on the proofs." Caldwell Trucking PRP Group v. Spaulding Composites Co., 890 F. Supp. 1247, 1252 (D.N.J. 1995), citing Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3d Cir. 1965). Thus, a claim will survive a motion to dismiss if it identifies "facts that are suggestive enough to render [the claim] plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The District Courts must accept all well-pled allegations in the Complaint as true and draw all inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

The United States Supreme Court has held that a complaint will survive a Rule 12(b)(6) motion to dismiss so long as it contains allegations sufficient to show that a plaintiff is entitled to relief:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests."

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Twombly, 550 U.S. at 545; see also Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (affirming Twombly and its construction of Rule 8 of the Federal Rules of Civil Procedure as the pleading standard in United States District Courts).

To survive a motion to dismiss, a plaintiff's complaint need only set forth enough facts that, if taken as true, "suggest" the required elements of the plaintiff's causes of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008), citing Twombly, 550 U.S. at 556. The plaintiff needs only make some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation. Id. at 234-35. Furthermore, when deciding a Rule 12(b)(6) motion, the court must accept all of the allegations in the complaint as true and must give the plaintiff "the benefit of every favorable inference that can be drawn from those allegations." Caldwell Trucking, 890 F. Supp. at 1252; see also Erickson, 127 S.Ct. at 2200. Rule 12(b)(6) does not permit a court to dismiss a complaint simply because it doubts the accuracy or validity of the factual allegations. Caldwell Trucking, 890 F. Supp. at 1252. Even if a court determines that a complaint fails to state a claim, the appropriate remedy is to provide the plaintiff with an opportunity to amend the complaint rather than to dismiss the action. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the Court must

6

inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

To dismiss DFH's claims would do a disservice to the purpose for which the Federal Rules of Civil Procedure were promulgated – to promote resolution of cases upon their merits and to ensure substantial justice. Substantial justice here mandates that DFH be permitted to conduct meaningful discovery, which will further support the myriad of substantive and meritorious causes of action that have been presented in sufficient detail and which state viable causes of action under federal and common law. Given the foregoing, DFH respectfully submits that the allegations raised in the Complaint are more than sufficient to withstand scrutiny under Rule 12(b)(6) and thus Moorehead's Motion to Dismiss should be denied in its entirety.

## II.     THE AMENDED COMPLAINT PROPERLY STATES A CLAIM FOR TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT

To establish trademark infringement under Section 32 of the Lanham Act, the following three elements must be proven: (1) plaintiff has a valid and legally protectable mark; (2) plaintiff owns the mark; and (3) defendant's use of the mark to identify its goods or services causes a likelihood of confusion. 15 U.S.C. §1114; Checkpoint Systems, Inc. v. check Point Software Technologies, Inc., 269 F.3d 270, 279 (3d Cir. 2000); A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210-211 (3d Cir. 2000).

Applying this standard, DFH properly alleged a claim for trademark infringement under 15 U.S.C. §1114. DFH alleged in paragraphs 17-24 of the Complaint that DFH owns the DFH Mark, which is a valid and legally protectable trademark. DFH alleged in paragraphs 46-58 of the Complaint that Moorehead is the registrant and owner of the DEVitamins.com domain and website that sells dietary and nutritional supplement products bearing the DFH Mark that could

7

cause consumer confusion. Accordingly, DFH's claim for trademark infringement should withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Moorehead nevertheless moved to dismiss pursuant to Rule 12(b)(6) stating that he "is not the record or title owner of the Defendant firms," which, given the broadest interpretation, DFH assumes the "firms" Moorehead referred to are the e-commerce websites associated with the DEVitamins.com and DKVitamins.com domain names, of which the DEVitamins.com domain name is clearly registered to Moorehead. In ruling on a motion to dismiss, courts are limited to "the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). DFH had pleaded with sufficiency in the Complaint showing Moorehead is indeed a party to the infringement by submitting a WHOIS domain registration record showing Moorehead as the registrant and owner of the DEVitamins.com domain name as shown in Exhibit J of the Complaint.

Moorehead professes to take comfort in his allegation that he "is not the record or title owner of the Defendant firms" to support his position that he is the wrong party. Yet, the WHOIS record as attached as Exhibit J of the Complaint states otherwise. The WHOIS record undeniably confirms his ownership of the DEVitamins.com domain name[3], which shows his involvement in the sale of unauthorized dietary and nutritional supplements bearing the DFH Mark at the DEVitamins.com and DKVitamins.com websites. DFH must rely on factual discovery to determine whether Moorehead acted alone or in concert with others in the operation

---

[3] The DEVitamins.com and DKVitamins.com e-commerce websites are interconnected based on the fact that "DEVitamins.com website provides a customer service number as contact information at (609) 848-2646. The telephone number forwards to a recorded greeting requesting the caller to leave messages for both DEVitamins.com and DKVitamins.com" as stated in ¶ 48 of the Complaint.

8

of the e-commerce websites at DEVitamins.com and DKVitamins.com and other websites associated with other domains names owned by Moorehead. In addition, Moorehead has not proffered any evidence disproving that he is the registrant and owner of the DEVitamins.com domain name as stated in the official WHOIS domain registration record. Moorehead's reliance on his allegation that he does not operate these websites serve to buttress DFH's position on this motion that, whether these domain names and websites are owned and/or are operated by Moorehead, clearly is an issue of fact not to be decided on a Rule 12(b)(6) motion to dismiss.

### III. THE COMPLAINT PLEADS MORE THAN SUFFICIENT FACTS SUPPORTING DFH'S FALSE DESIGNATION OF ORIGIN OF GOODS AND FALSE REPRESENTATION UNDER SECTION 15 U.S.C. §1125(A) CLAIM AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

DFH has adequately pled valid claims for (i) false designation of origin of goods and false representation under Section 43(a) under the Lanham Act and (ii) unfair competition under New Jersey common law. Since the elements of a claim of false designation of origin of goods and false representation under Section 43(a) under the Lanham Act are the same as for claims of unfair competition under New Jersey common law, the two causes of actions will be discussed herein (collectively, "unfair competition"). See J & J Snack Foods, Corp. v. Earthgrains Co., 220 F. Supp. 2d 358, 374 (D.N.J. 2002) ("[T]he elements for a claim for trademark infringement under the Lanham Act are the same as the elements for a claim of unfair competition under the Lanham Act and for claims of trademark infringement and unfair competition under New Jersey statutory and common law . . ..").

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint need only contain sufficient factual matter to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

9

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To prove unfair competition, a plaintiff must show that: (1) the mark at issue is valid and legally protectable; (2) the mark is owned by the plaintiff; (3) the defendant used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this "use" was in a manner likely to create confusion concerning the origin of the goods or services. 15 U.S.C. § 1125(a); 800-JR Cigar, Inc. v. GoTo.com, Inc., 437 F. Supp. 2d 273, 281-82 (D.N.J. 2006) (citing Fisons Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 (3d Cir. 1994)).

Applying this standard, DFH properly alleged a claim for unfair competition. DFH alleged in paragraphs 17-24 and Exhibit A of the Complaint that the DFH Mark is valid and legally protectable; and that DFH owns the DFH Mark. DFH alleged in paragraphs 46-58 of the Complaint that Moorehead is the registrant and owner of the DEVitamins.com domain and website that sells dietary and nutritional supplement products bearing the DFH Mark. DFH alleged in paragraphs 54-58 that Moorehead's use of the DFH Mark in promoting unauthorized goods bearing the DFH Mark is likely to create confusion concerning the origin of the goods. Accordingly, DFH's unfair competition claims should withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### IV.    DFH'S LAWSUIT AGAINST MOOREHEAD IS NOT A FRIVOLOUS LITIGATION AS CONTEMPLATED BY R. 1:4-8 OR N.J.S.A. 2A:59-1.1

The Court should reject Moorehead's argument that this suit is frivolous. Moorehead's contention that this suit is frivolous is, in and of itself, frivolous. In addition, Moorehead's citing of a New Jersey state rule and statute, namely, R. 1:4-8 and N.J.S.A. 2A:59-1.1 is improper and irrelevant. The state rule and statute are not the controlling law herein. DFH suspects Moorehead to have copied and pasted a pleading from another case without bothering to review or understand what he has submitted to this Court. Specifically, on page 11 of Moorehead's brief,

he falsely states that "plaintiff has sued on a contract that in fact he has breached prior thereto." See MTD p. 11. On page 12 of Moorehead's brief, Moorehead falsely states that "Plaintiff improperly pleads 'invoices' as a declaration of the debt due and owing" and "[c]learly the 'invoices' that form the legal basis for this cause of action are not applicable. The relationship was unilaterally terminated." Id. at page 12. DFH has not asserted a cause of action based upon contract or unpaid invoices. DFH is at a loss as to what Moorehead refers and Moorehead fails to provide any reference or support of his argument despite demanding the court impose sanctions against DFH.

Imposing sanctions is a serious matter and should not be brought unless it is well supported. Moorehead had failed to provide any such support. DFH must respectfully request Moorehead to withdraw such serious allegation.

Moorehead improperly and incorrectly asserts that DFH had filed pleadings without performing a modicum of due diligence in violation of Rule 1:4-8. New Jersey Court Rule 1:4-8 is inapplicable to this federal court action.

Even if the rule were applicable, the Complaint clearly provides evidence of due diligence on DFH's part. DFH conducted due diligence and an investigation as described in paragraphs 46-58 of the Complaint, including, for example, performing a test buy at DEVitamins.com, calling the customer service number to find out that the DEVitamins.com and DKVitamins.com websites share the same customer service number, researching and obtaining archived domain registration records for DEVitamins.com and DKVitamins.com from DomainTools.com to ascertain registration and ownership information for these domain names, including learning of Moorehead's registration of DEVitamins.com. While no depositions have been conducted, the discovery phase has recently commenced. Indeed, not all of the defendants

11

have even identified in the case yet. It is DFH's contention that dismissal on the merits would be absolutely premature under the circumstances. Of course, if after discovery and further investigation DFH learns that its pleading needs to be amended, corrected or withdrawn, DFH shall do so.

### V. IT IS PREMATURE TO DISMISS DFH'S CLAIMS AGAINST MOOREHEAD

As discussed earlier, "[a] complaint will be deemed to allege sufficient facts if it is adequate to 'put the proper defendants on notice of the essential elements of plaintiff's cause of action.'" Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993), quoting Dist. Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir. 1986). When reviewing a motion to dismiss, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Id., quoting Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). In turn, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

Here the Complaint asserts that DEVitamins.com and DKVitamins.com are selling and distributing dietary and nutritional supplement products bearing the DFH Mark to end users unaffiliated with DFH without authorization. See Complaint, ¶ 51. The Complaint alleges that such dietary and nutritional supplement products bearing the DFH Mark sold at DEVitamins.com and DKVitamins.com were not distributed in accordance with the quality control measures DFH has in place for sale of its goods, and that the 2D bar codes on the product packaging are defaced, which constitutes a material difference in the product. See id. ¶ 52. The Complaint further alleges these unauthorized materially different products bearing the DFH Mark are likely to cause confusion, mistake and deception in the mind of the consuming public. See id. ¶ 55. Moorehead is the registrant and owner of the DEVitamins.com domain as stated

from the WHOIS records produced by DomainTools.com as attached in Exhibit J of the Complaint. See id. ¶ 49. The fact that these infringing and unauthorized products are sold and promoted at websites that are connected to the very domain name that is registered to Moorehead supports keeping Moorehead in the suit at this time on a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, DFH respectfully submits that Moorehead's Rule 12(b)(6) motion be denied in its entirety.

**MANDELBAUM SALSBURG P.C.**
*Attorneys for Plaintiff Designs For Health, Inc.*

By: /s/ Cheryl H. Burstein
Cheryl H. Burstein, Esq.
Elizabeth Featherman, Esq.

Dated: October 2, 2017

Doc#1088172-v1